UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SASHA HOWARD,

    Plaintiff,

v.

E V BISHOFF, et al.,

    Defendants.

Case No. 1:21-cv-708

Dlott, J.
Bowman, M.J.

**REPORT AND RECCOMMENDATION**

**I.    Background**

Plaintiff Sasha Howard submitted two pro se complaints for filing in this case. The first complaint form is unsigned and is completely blank other than Plaintiff's name and address, though an accompanying civil cover sheet identifies "EV Bishhoff" as a defendant and suggests that the parties are citizens of different states.[1] Plaintiff Howard submitted a second complaint three days later, which the Court construes as an amended complaint. The second complaint form lists "EV Bishoff Company EV Bishoff" as the Defendant(s) and is also unsigned. However, it identifies the basis for jurisdiction as falling under 28 U.S.C. § 1343(3) (civil rights).

Both complaints are facially deficient for multiple reasons including but not limited to the fact that neither complaint form is signed as required by Rule 11, Fed. R. Civ. P. In addition, Plaintiff Howard failed to either pay the requisite filing fee or - initially - to

---

[1] The suggestion that the parties are citizens of different states is belied by a summons form that identifies "Black Lici Properties LTD Ev Bishoff" as a defendant, but then identifies the summons to be served on "Ev Bishhoff Company EV Bishhoff" in Columbus, Ohio. (*See* Doc. 1-2).

request leave to proceed *in forma pauperis*. Therefore, the Court filed a "Deficiency Order" that instructed Plaintiff to sign the second complaint form, (Doc. 2), or alternatively, to submit a new complaint form "that is properly signed." (Doc. 3). In addition, the Court ordered Plaintiff to either pay the full filing fee or to "submit a fully completed application and affidavit to proceed *in forma pauperis*" on the form used by this Court. (*Id.*) To assist Plaintiff in complying with its Order, the Court directed the Clerk of Court to transmit a copy of the requisite federal form to Plaintiff. The Court expressly warned Plaintiff that her complaint "may be dismissed" if she failed to complete the *in forma pauperis* application provided to her, or if she failed to sign her complaint. (*Id.*)

## II. Analysis

On January 11, 2022, Plaintiff filed a state court form: "Form 20. Civil Fee Waiver Affidavit and Order." This Court cannot accept the state court form in lieu of the requisite federal form. The federal form requires different information to determine eligibility to proceed *in forma pauperis*. *See generally*, 28 U.S.C. § 1915 (applicable to federal courts); c*ompare* Ohio R.C. §2746.10 and § 2323.311 (applicable to state courts). Even more importantly, Plaintiff failed to comply with the Court's order to <u>sign</u> her complaint as required under Fed. R. Civ. P. 11. Based upon Plaintiff's failure to comply with both provisions of the Deficiency Order, the undersigned now recommends denial of the pending motion to proceed *in forma pauperis* and dismissal of this case.

In the alternative, the undersigned recommends dismissal for lack of subject matter jurisdiction and for failure to state any federal claim. Given that the first "complaint" consists of an entirely blank form, (*see* Doc. 1), it fails to state any adequate basis for federal subject matter jurisdiction, and also fails to state any claim against the named

2

Defendants. The second (unsigned) complaint form similarly fails to state any cognizable federal claim against the identified Defendants, despite the inclusion of the following narrative:

> Suing because the client experienced lost [sic] of how to make a living with the close of her business. The least [sic] was first signed in August and he continued to collect rent until November. Mr. Bishoff was aware of the damages. The bad part was that there was damages to the whole building. Mr. Bishoff was still expecting rental though the daycare doors had to be closed down permenately [sic]. He sued for $100,000 and did not honoring the contract although he never honored his part of the contract. Ms. Howard tried to get out of the contract in August but was no successful. [sic]
>
> We are asking for her to be paid for her damages and… pain and suffering. The sum requested is $30 million.

(Doc. 2 at 3, PageID 12).

In addition to the lack of subject matter jurisdiction and the failure of Plaintiff to state any cognizable federal claim against the Defendants, it appears that both Plaintiff and Defendants reside in Columbus, Ohio. Therefore, venue in Cincinnati is improper. However, considering the foregoing discussion, the interests of judicial economy favor dismissal rather than transfer of venue to the Columbus division.

### III.    Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT** Plaintiff's application to proceed in forma pauperis be **DENIED**, and that this case be **DISMISSED** for failure to comply with the Deficiency Order or, in the alternative, for lack of subject matter jurisdiction and for failure to state any federal claim against the named Defendants.

 s/ Stephanie K. Bowman
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

SASHA HOWARD,

        Plaintiff,

   v.

E V BISHOFF, et al.,

        Defendants.

Case No. 1:21-cv-708

Dlott, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).